94 53
r195s 433

## City of Charleston v. Charles S. Wiley et al.

1. PARTIES—*In Mandamus Proceedings Against Cities.*—Where the object of a writ of mandamus is to compel the passage of an ordinance in the performance of a duty, it is not necessary to make the individual members of the city council parties to the petition.

Mandamus.—Appeal from the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed February 28, 1901.

AL. RAY, City Attorney, J. H. MARSHALL and CHAS. C. LEE, attorneys for appellant.

NEAL & WILEY, attorneys for appellees.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Coles County, awarding a writ of mandamus, compelling the members of the city council of Charleston to pass an ordinance disconnecting certain territory from the city in accordance with a petition of the owners of forty acres of land situated within the corporate limits of the city.

The first objection raised is that the only defendant to the petition is the city of Charleston, and the members of the city council are not made parties. Where the object of a writ of mandamus is to compel the passage of an ordinance in performance of a duty, it is not necessary to make the individual members of a city council parties to the petition. (Village of Glencoe v. The People ex rel. John A. Owen, 78 Ill. 382; The People ex rel. Ins. Co. v. Getzendaner et al., 137 Ill. 234.) When the writ is granted, it should be served, of course, upon the individual members.

Aside from that question the case is, in all essential features, like that presented to the Supreme Court in Young et al. v. Carey et al., 184 Ill. 613. Under the authority of that case the order of the Circuit Court will be affirmed.